UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| A.H. BECK FOUNDATION CO., INC., d/b/a FD Rentals, | § § § | |
| Plaintiff, | § § | |
| v. | § § | SA:25-CV-906-FB (HJB) |
| MATRIX NORTH AMERICAN CONSTRUCTION, INC., | § § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Motion to Dismiss filed by Defendant Matrix North American Construction, Inc. ("Matrix"). (*See* Docket Entries 8 and 13.)[1] The District Court referred this case to the undersigned for consideration of pretrial matters pursuant to 28 U.S.C. § 636(b). (*See* Docket Entry 7.) For the reasons set out below, I recommend that Defendant's motion be **GRANTED IN PART** and **DENIED AS MOOT IN PART**, and that this case **TRANSFERRED** to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a).

**I.      Jurisdiction.**

Plaintiff A.H. Beck Foundation Co., Inc., d/b/a FD Rentals ("Beck"), a Texas citizen, brought state-law claims in Bexar County District Court against Matrix, a citizen of Oklahoma and

---

[1] On October 3, 2025, the undersigned ordered Matrix to supplement its Motion to Dismiss (Docket Entry 8) by filing on the record a copy of its Terms and Conditions, which it refers to in the motion as Exhibit B. (*See* Docket Entry 12.) Matrix complied by filing an "Amended Motion to Dismiss," which is identical to original, save for the inclusion of the initially missing document. (*See* Docket Entry 13.) The undersigned thus construes the "Amended Motion to Dismiss" (*id.*) as no more than a supplement to the original motion; accordingly, this Report and Recommendation applies to both pleadings.

Pennsylvania, and alleged damages exceeding $75,000.  (*See* Docket Entry 1, at 2; Docket Entry 1-1, at 8; Docket Entry 8-1, at 2.)  Matrix removed the case to this Court.  (Docket Entry 1.)  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b).  I have the authority to issue this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).

## II.    **Background.**

This case concerns a contract dispute.  On May 7, 2024, the parties executed an equipment rental contract.  (Docket Entry 8-1, at 2; Docket Entry 11-1, at 1.)  Under the terms of the contract, Beck would arrange for the delivery of heavy-duty construction equipment—which it stores and maintains in Texas—to Matrix at one of its construction sites in Pennsylvania.  (Docket Entry 8-1, at 2; Docket Entry 11-1, at 1.)  In exchange for the delivered equipment, Matrix would remit payment to Beck, at its PO box in San Antonio, Texas.  (Docket Entry 11-1, at 2.)  The parties negotiated and executed the contract in Pennsylvania; no one affiliated with Matrix ever travelled to Texas to negotiate or perform under the contract.  (Docket Entry 8-1, at 2.)

Matrix alleges that the equipment broke shortly after it began using it.  (Docket Entry 8-1, at 3.)  At significant expense, Matrix procured replacement equipment in Pennsylvania.  (*Id.*)  In light of the equipment failure, Matrix did not pay any of Beck's invoices, which totaled $75,392.59.  (Docket Entry 11-1, at 2.)

Beck filed suit in Texas state court, asserting breach of contract and unjust enrichment.  (Docket Entry 1-1, at 3–4, 8–9.)  Matrix removed the case to this Court (*see* Docket Entry 1) and now moves to dismiss for lack of personal jurisdiction or improper venue.  (*See* Docket Entry 8, at 4.)  In the alternative, Matrix moves to transfer venue to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a).  (*See id.*)  Beck has filed a response in opposition.  (Docket Entry 11.)

### III.    Discussion.

As noted above, Matrix seeks dismissal both for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for improper venue under Federal Rule of Civil Procedure 12(b)(3); alternatively, it seeks transfer of venue under 28 U.S.C. § 1404(a).  As a general matter, the Court "must find that it has personal jurisdiction over the defendant before it makes any decision on the merits."  *Clemons v. WPRJ, LLC*, 928 F. Supp. 2d 885, 893 (S.D. Tex. 2013).  But a transfer of venue is not a decision on the merits.  *See Sabal Ltd. LP v. Deutsche Bank AG*, 209 F. Supp. 3d 907, 925 (W.D. Tex. 2016) ("A court may order the transfer of venue of a case involving a defendant over whom the court lacks personal jurisdiction.") (citation modified).  And courts have discretion to "bypass . . . personal jurisdiction questions 'when considerations of convenience, fairness, and judicial economy so warrant.'"  *JTH Tax, LLC v. Cortorreal*, No. 4:23-cv-0173-P, 2023 WL 4673278, at *1 (N.D. Tex. July 20, 2023) (quoting *Ruhrgas AG .v. Marathon Oil Co.*, 526 U.S. 574, 583–88 (1998), and citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007)).

Accordingly, "because the venue analysis is straightforward here," the undersigned "pretermits consideration" of whether personal jurisdiction would have existed in Texas, and proceeds to address the question of transfer under § 1404(a).  *See Ekeocha v. U.S. Dep't of State*, No. 3:23-CV-2808-K-BT, 2024 WL 4773343, at *2 (N.D. Tex. Oct. 25, 2024), *report and recommendation adopted*, No. 3:23-CV-2808-K-BT, 2024 WL 4771413 (N.D. Tex. Nov. 13, 2024).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  For a  § 1404(a) transfer to be proper, "the first determination to be made is

whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *Reuter v. Jax, Ltd., Inc.*, 251 F.R.D. 231, 235 (E.D. Tex. 2007) (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*")). In this case, Matrix is a Pennsylvania citizen[2] (*see* Docket Entry 1, at 2), the contract at issue was negotiated in Delaware County, Pennsylvania (*see* Docket Entry 8-1, at 2), and the equipment that Matrix rented from Beck was delivered to its construction site in Lancaster County, Pennsylvania (*see* Docket Entry 8-1, at 2 11-1, at 1). Both Delaware County and Lancaster County are located within the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a). Accordingly, this case could have been brought in the Eastern District of Pennsylvania.

In addition to showing that jurisdiction lies in the transferee district, "[t]he party who seeks the transfer must show good cause." *In re Chamber of Com. of U. S. of Am.*, 105 F.4th 297, 303 (5th Cir. 2024). Good cause is shown "[w]hen the movant demonstrates that the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). In determining whether a transferee venue is clearly more convenient, the Court is required to assess four private interest factors and four public interest factors:

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

> The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home;

---

[2] Corporations are subject to general personal jurisdiction in the states where they are citizens. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it is incorporated and of the State . . . where it has its principal place of business."); *Garcia v. Peterson*, 319 F. Supp. 3d 863, 874 (S.D. Tex. 2018) ("For a corporation, the paradigm forum for the exercise of general jurisdiction is one in which the corporation is fairly regarded as at home.") (citation modified); *Bibbs v. Molson Coors Beverage Co. USA, LLC*, 616 F. Supp. 3d 606, 612 (N.D. Tex. 2022) ("The paradigm forums where it is essentially at home are the corporation's place of incorporation and its principal place of business.") (citation modified).

(3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Chamber of Com.*, 105 F.4th at 304.  Transfer decisions are "committed to the district court's discretion."  *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 629 (5th Cir. 2022).

*Private factors*.  In this case, all the private factors clearly favor transfer, except the first. As to that factor, although Matrix argues that "the equipment was delivered to and damaged in Pennsylvania, making it easier to access evidence there" (Docket Entry 8, at 8), at least some of the rental equipment was returned to Beck's facilities in Texas (*see* Docket Entry 11, at 6; Docket Entry 11-1 at 2).  And while Matrix emphasizes that "the people that received the equipment, used the equipment before it broke, and examined the equipment after it broke are all in Pennsylvania" (Docket Entry 8, at 8), Beck points out that "the witnesses required to prove up" that it never received payments from Matrix are in Texas (Docket Entry 11, at 6).  All told, this factor appears to be roughly neutral.

The rest of the private factors favor Matrix.  Most of the events at issue in this case occurred in Pennsylvania.[3]  Witnesses to those events are subject to the subpoena power of the Eastern District of Pennsylvania, but not this Court.  *See Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 874 (E.D. Tex. 2013) ("Under Federal Rule of Civil Procedure 45, a court has power to compel trial testimony if the witness is served: (1) within the district; (2) within 100 miles of the

---

[3] As non-payment on the contract does not appear to be disputed, liability on Beck's contract claim will turn on whether the rental equipment it provided to Matrix broke immediately upon its arrival—*i.e.*, whether Beck failed to perform under the contract prior to the non-payment. On this point, the witnesses who received and used the equipment before it broke, and who examined it immediately thereafter, will be in Pennsylvania. (*See* Docket Entry 8, at 8.) Matrix also presents undisputed evidence that it "incurred substantial expenses in renting replacement equipment . . . . [which] was also procured in . . . Pennsylvania." (Docket Entry 8-1, at 3.) Thus the events pertinent to Beck's unjust enrichment claim occurred in Pennsylvania. *See, e.g.*, *Meehan v. Cheltenham Tp.*, 410 Pa. 446, 449 (1963) ("[T]o recover, there must be both (1) an enrichment, and (2) an injustice resulting if recovery for the enrichment is denied.").

courthouse; or (3) within the state of the issuing court, . . . . [and] can compel deposition testimony of a non-party witness within 100 miles of his home or workplace."). "Transfer is favored when a transferee district has absolute subpoena power over a greater number of non-party witnesses." *Id.* Even if such witnesses were to appear voluntarily, the expense for Pennsylvania witnesses to attend trial or sit for depositions in the Eastern District of Pennsylvania is significantly less than doing so in the Western District of Texas. And the fourth private factor, which "focus[es] on issues of judicial economy," *see id.* at 876, supports transfer because, as discussed below, Beck's breach-of-contract and unjust-enrichment claims will be governed by Pennsylvania law (*see* Docket Entry 13-2, at 3); the courts of the Eastern District of Pennsylvania will be more familiar with such claims, allowing for an "eas[ier]" and more "expeditious" trial. *See Chamber of Com.*, 105 F.4th at 304.

  *Public factors*. As noted above, the third public factor—*i.e.*, the familiarity of the forum with the governing law—favors transfer in this case. Matrix contends that the contract has an enforceable choice-of-law clause, pointing to a provision which provides that "[t]he validity of this purchase order or any of its provisions and the sufficiency of any performance hereunder shall be determined under the laws of Pennsylvania." (Docket Entry 8, at 2 and 8–9; Docket Entry 13-2, at 3.) Beck does not dispute the applicability of the provision. Accordingly, the third factor favors transfer because the Eastern District of Pennsylvania will obviously be more familiar with the governing law in this case.

  The first public factor—*i.e.*, court congestion—is neutral. Although more criminal cases are filed in the Western District of Texas each year, more civil cases are filed in the Eastern District of Pennsylvania. *Compare* Table D-1A – U.S. District Courts – Criminal Statistical Tables for the Federal Judiciary (June 30, 2025) *with* Table C – U.S. District Courts – Civil Statistical Tables for

the Federal Judiciary (June 30, 2025). The second public factor—local interest—is also neutral. On the one hand, Texas has an interest in its producers being paid for their services with out-of-state customers. On the other hand, Pennsylvania has an interest in its contractors being able to rely on the quality of the equipment used for construction projects within the state. The fourth public interest factor is inapplicable; the case presents no conflict-of-laws issues, as the parties do not dispute that Pennsylvania law governs.

To recap, both private and public factors favor venue in the Eastern District of Pennsylvania; none of the factors favor venue here. In such circumstances, "the transferee venue is clearly more convenient . . . and the district court should therefore grant the transfer." *See Volkswagen II*, 545 F.3d at 315.

## IV.    Conclusion and Recommendation.

For the foregoing reasons, I recommend that Matrix's Motion to Dismiss (Docket Entries 8 and 13) be **GRANTED IN PART**. Specifically, I recommend that this case be transferred to the Eastern District of Pennsylvania. In light of this recommendation, I recommend that the remainder of the motion be **DENIED AS MOOT**.

## V.    Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be

filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties.  An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered."  *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on October 10, 2025.

_____
Henry J. Bemporad
United States Magistrate Judge